**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRAIG TAYLOR,**

            **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1599-Orl-28JGG**

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

            **Defendant.**
_____

# ORDER

Plaintiff Craig Taylor ("Plaintiff") brought the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that Defendant U.S. Equal Employment Opportunity Commission ("EEOC") failed to produce a two-page document in response to a FOIA request. This cause is before the Court on the EEOC's unopposed Motion for Summary Judgment (Doc. 16).

## I. BACKGROUND

Plaintiff filed a charge of discrimination with the EEOC against Siemens Westinghouse Power ("Siemens"). The EEOC did not find reasonable cause to believe that Plaintiff's charge was true and accordingly issued Plaintiff a right-to-sue letter on December 31, 2003. Plaintiff subsequently submitted a FOIA request to the Miami District Office of the EEOC for the documents in his charge file. In response, the EEOC Regional Attorney issued a decision granting in part and denying in part Plaintiff's request. The Regional Attorney determined that Plaintiff was entitled to the entirety of his charge file (170 pages) with the

lone exception of the EEOC Investigator's Memorandum which contains the EEOC investigator's assessment of the merits of Plaintiff's charge against Siemens and a recommendation to the Director of the Miami District Office as to whether the EEOC should have found that there was "cause" to believe that Plaintiff's charge of discrimination was true. The entire memorandum consists of two pages.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations."  Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).  "The evidence presented cannot consist of conclusory allegations or legal conclusions." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see also Fed. R. Civ. P. 56(e) (providing that nonmovant's response "must set forth specific facts showing that there is a genuine issue for trial").

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  However, summary judgment is

mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Moreover, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

"Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing Anderson, 477 U.S. at 250-51).  "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Id. (internal quotations and citation omitted).

### III.  ANALYSIS

The EEOC claims that the Investigator's Memorandum is protected from disclosure by FOIA's exemption for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  Incorporated within § 552(b)(5) is the deliberative process privilege which "protects the integrity of [governmental] decision-making process[es] . . . by confirming that officials would be judged by what they decided, not for matters they considered before making up their minds." Petroleum Info. Corp. v. U.S. Dep't of Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992).

In arguing that the deliberative process privilege covers the Investigator's Memorandum, the EEOC contends:

> Disclosure of the Investigator's Memorandum would discourage open, frank discussions between the investigator and his superiors and may cause confusion as to the actual grounds for [the] EEOC's final decisions. For example, the District Director may agree with the recommended disposition but not the analysis or may agree with some, but not all, of the analysis. In addition, the investigator might be tempted to omit certain analyses or conclusions from the Investigator's Memorandum, giving the District Director less information with which to decide the case.

Doc. 16 at 8. The Court finds the EEOC's argument persuasive and determines that the EEOC was within its rights in refusing to disclose the Investigator's Memorandum. Accordingly, the EEOC's Motion for Summary Judgment (Doc. 16) is **GRANTED**. The Clerk is directed to enter judgment in favor of the EEOC and thereafter to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 10th day of November, 2005.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party